UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARSHANT PARSHANT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-01968-DJC-SCR<br><br><br><br>ORDER |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, including an ex parte request for a temporary restraining order. ECF No. 1 at 6. Petitioner has paid the filing fee for this action.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, the Clerk of Court will be directed to serve respondents with the habeas corpus petition.

In addition, respondents are ordered to show cause why petitioner's temporary restraining order should not be granted in light of the Court's prior rulings in Lopez v. Lyons, No. 2:25-cv-

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

1    03174-DJC-CKD; Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR; Mariagua v. Chestnut, No.
2    1:25-cv-01744-DJC-CSK; Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD; and Souza v.
3    Robbins, No. 1:25-cv-01597-DJC-JDP.  The response to the show cause shall be filed no later
4    than January 5, 2026 by 5:00 p.m.  At the expiration of this deadline, the request for a temporary
5    restraining order will be taken under submission without a hearing absent further order of the
6    court.
7        In light of the expedited nature of petitioner's request for a temporary restraining order,
8    which appears to raise a pure legal question, the court denies petitioner's motion for the
9    appointment of counsel (ECF No. 2) without prejudice to renewal at a later stage of the
10   proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (explaining that there is
11   no absolute right to appointed counsel in a habeas corpus action).
12       Accordingly, IT IS HEREBY ORDERED that:
13       1. The Clerk of the Court shall serve a copy of this order together with a copy of
14   petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United
15   States Attorney.
16       2. Respondents are directed to show cause no later than **January 5, 2026 by 5:00 p.m.**
17   how this case is factually or legally distinguishable from the cases listed in this order that would
18   justify denying petitioner's request for a temporary restraining order.
19       3. The request for a temporary restraining order is not set for a hearing at this time,
20   although the Court may set one should it later be determined that a hearing is necessary.
21       4. Petitioner's motion for the appointment of counsel (ECF No. 2) is denied without
22   prejudice to renewal at a later stage of the proceedings.
23       5. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition,
24   respondent shall not transfer petitioner to another detention center outside of this judicial district,
25   pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which
26   empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective
27   jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that
28   ////

federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: December 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE